IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| THOMAS D. DOMONOSKE, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>    Defendant. | Civil Action No. 5:08-cv-00066 |
| VICTOR RIVERA, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>    Defendant. | Civil Action No. 5:09-cv-00080 |

**BANK OF AMERICA, N.A.'S**
**SUPPLEMENTAL SUBMISSION REGARDING CLASS PERIODS**

Pursuant to the Court's request on November 25, 2009, and Order of December 3, 2009

(Docket # 80), Bank of America, N.A. ("Bank" or "Bank of America") hereby submits the

following Supplemental Submission regarding Class Periods in support of the Motion for

Preliminary Approval of Class Action Settlement, filed September 30, 2009 (Docket # 68)[1], and

Bank of America, N.A.'s Joinder in Support of Plaintiffs' Motion, filed October 30, 2009

(Docket # 75).

---

[1] Docket references refer to the *Domonoske* action, unless otherwise stated.

## I. BACKGROUND

Following the hearing on November 18, 2009, regarding the parties' request for preliminary approval of the class action settlement of the above-captioned and consolidated actions,[2] the Court requested a supplemental memorandum regarding the dates defining the class period.

The class is defined as:

> All natural persons who applied to Bank of America for a loan subject to 15 U.S.C. § 1681g(g): (1) whose loan application was processed on the ACAPS platform between August 8, 2006, and September 12, 2008, where the Credit Score Disclosure was triggered more than three days after receipt of the application, or (2) whose loan application was processed and booked on the Legacy Bank of America platforms between May 28, 2006, and July 11, 2009.

(Docket # 68-2 (Settlement Agreement) § 3.1.) This definition prescribes a separate period for persons whose loan applications were processed on the ACAPS platform (August 8, 2006 to September 12, 2008), and those whose loan applications were processed on the Legacy Bank of America platforms (May 28, 2006 to July 11, 2009). As the Court will recall from the parties' prior submissions, the *Domonoske* action implicated the ACAPS platform, and the *Rivera* action implicated the Legacy Bank of America platforms. The separate start dates for the respective platforms reflect the two-year anniversary from the filing date of the *Domonoske* and *Rivera* actions, respectively. The separate end dates reflect the day before Bank of America changed the respective platforms to trigger the provision of credit score disclosures under 15 U.S.C. § 1681g(g) three business days from receipt of a loan application.

---

[2] *Domonoske v. Bank of America, N.A.* ("*Domonoske*") and *Rivera v. Bank of America, N.A.* ("*Rivera*").

## II. THE CLASS PERIODS ARE BASED UPON APPLICATION OF THE FACTS RELATING TO THE DIFFERENT ORIGINATION PLATFORMS AT ISSUE

### A. A Class Period Spanning Two Years Comports with the Statute of Limitations.

The class period's start dates are set two years prior to the filing of the respective complaints: May 28, 2008 in *Rivera* and August 8, 2008 in *Domonoske*. A class period spanning back two years from the date of the complaints recognizes the typical two-year statute of limitations under the FCRA. Under 15 U.S.C. § 1681p, the statute of limitations for any violation of the FCRA is the earlier of two years from the date the plaintiff discovers the violation or five years from the date of violation. The parties contested whether the two-year "discovery" or the five-year limitation applied to plaintiffs' claims.[3] Settling on a two-year period reflects plaintiffs' recognition that it was not without risk to argue that more than the two-year limitation applied.

Accordingly, consistent with most class actions, the class definition uses start dates — here, two years from the filing of the respective actions — that are consistent with the likely statute of limitations period applicable to these claims.

### B. The Class Period End Dates Reflect Bank of America's Modification to the Credit Score Disclosure Protocols.

September 12, 2008 and July 11, 2009 are the last days on which the Bank provided credit score disclosures using the process by which those disclosures were provided to the named plaintiffs on each of the respective ACAPS and Legacy Bank of America platforms. Beginning September 13, 2008 (ACAPS) and July 12, 2009 (Legacy Bank of America), the Bank began to

---

[3] This argument was the subject of a motion to dismiss in *Rivera*, wherein the parties were granted limited discovery on the issue, and the Eastern District of Virginia had yet to rule at the time of settlement. (*See*, *e.g.*, *Rivera* Docket # 21, 44.)

trigger the provision of credit score disclosures under 15 U.S.C. § 1681g(g) three business days from receipt of a loan application. As was discussed at the hearing on November 18, 2009, the parties will seek at the final approval hearing a holding that the procedures used since those end dates on each platform are FCRA-compliant (*see* Docket # 68-2 (Settlement Agreement) § 7, Exhibit D).[4] In any event, while the individuals whose home loan transactions occurred after those end dates will not participate in the settlement if approved, they also will not release any claims they may have against the Bank as a result of this settlement.

---

[4] The parties attach to this submission the Declaration of Marty Smith, which is referenced in section 7 of the Settlement Agreement (Docket # 68-2) and which provides greater detail regarding the process for sending the credit score disclosures since the respective systems were changed, along with sworn confirmation of those change dates. (*See* Exhibit 1 attached hereto.) Though the Bank designated the declaration as confidential, for purposes of expediting the Court's review of this supplemental submission, the parties have agreed not to file the declaration under seal, without waiving for any purpose other than settlement, confidentiality, or other privilege that may apply to the contents of that document.

## CONCLUSION

The class definition contains separate start and end dates for the ACAPS and Legacy Bank of America transactions. While different, they share a common and principled basis. The start dates are two years from the initial filing of *Rivera* and *Domonoske*, which is consistent with the FCRA's statute of limitations provision. Similarly, the end dates reflect the point at which the Bank changed the underlying compliance protocols going forward for the different platforms.

December 18, 2009                                    Respectfully Submitted,


MORRISON & FOERSTER LLP


By: __s/ Michael J. Agoglia__


    John A. Trocki III
    Virginia Bar Number: 38656
    MORRISON & FOERSTER LLP
    1650 Tysons Boulevard, Suite 400
    McLean, VA 21102
    Telephone: (703) 760-7112
    Facsimile: (703) 760-7777
    Email: jtrocki@mofo.com

    Michael J. Agoglia
    Alexandria A. Amezcua
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105
    Telephone: (415) 268-7000
    Facsimile: (415) 268-7522

R. Grant Decker
Virginia Bar No. 20618
J. Douglas Cuthbertson
Virginia Bar No. 41378
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Telephone: (703) 903-9000
Facsimile: (703) 610-8686
Email:  gdecker@milesstockbridge.com
Email: jcuthber@milesstockbridge.com

Attorneys for Defendant
Bank of America, N.A.

**Certificate of Service**

   I hereby certify that on December 18, 2009, I electronically filed the foregoing **BANK OF AMERICA, N.A.'S SUPPLEMENTAL SUBMISSION REGARDING CLASS PERIODS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy E. Cupp, Esq.
Cupp & Cupp, P.C.
1951 Evelyn Byrd Avenue, Suite D
P.O. Box 589
Harrisonburg, VA  22801

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030

Ian B. Lyngklip, Esq.
24500 Northwestern Highway, Ste. 206
Southfield, MI  48075

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA  23606

                s/ Alexandria A. Amezcua
                Alexandria A. Amezcua
                California Bar No. 247507
                Attorney for Defendant
                MORRISON & FOERSTER LLP
                425 Market Street
                San Francisco, CA  94105
                Telephone:  (415) 268-7000
                Facsimile:  (415) 268-7522
                AAmezcua@mofo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| THOMAS D. DOMONOSKE, individually and on behalf of all those similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>        Defendant. | Civil Action No. 5:08-cv-00066 |
| VICTOR RIVERA, individually and on behalf of all those similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>        Defendant. | Civil Action No. 5:09-cv-00080 |

**EXHIBIT INDEX TO**
**<u>SUPPLEMENTAL SUBMISSION REGARDING CLASS PERIODS</u>**

Declaration of Marty Smith, dated Sept. 30, 2009 ............................................................ Exhibit 1