**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| THOMAS D. DOMONOSKE, individually and on behalf of all those similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>     Defendant. | Civil Action No. 5:08-cv-00066 |
| VICTOR RIVERA, individually and on behalf of all those similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>     Defendant. | Civil Action No. 5:09-cv-00080 |

**PLAINTIFF'S RESPONSE TO OBJECTIONS BY BANK OF AMERICA
TO MAGISTRATE'S REPORT & RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), Plaintiff (Thomas Domonoske "Domonoske") responds to the Objections by Bank of America, N.A. to the Report and Recommendation of Mag. Judge Michael Urbanski entered on January 27, 2010 ("Report and Recommendation") as follows:

In its objections, Bank of America offered its view that the Court has the authority to enter a "Consent" order. Based upon this view, Bank of America requested that the

Court omit the word "injunction" from the proposed order submitted along with the Settlement Agreement. (Docket No. 68, Exhibit A) While Mr. Domonoske agrees with the proposition that the Court has the authority to enter a "consent" order, he responds to Bank of America's Objections in order to clarify one point concerning Mr. Domonoske's obligations under the Settlement Agreement.

As stated in Domonoske's Declaration filed on December 18, 2009 at Magistrate Judge Urbanski's request, Domonoske knowingly and voluntarily signed the Settlement Agreement. The Declaration (Docket No. 83, Exhibit 4) further states in part:

> 23.    I spent many hours reviewing various versions of an agreement to settle these consolidated actions, as well as my case before the consolidation. I reviewed the final settlement agreement in detail before signing it. After due consideration, I concluded that it was in the best interest of the class I represented, and therefore that it was my duty as a class representative to enter into the Settlement Agreement. I would have preferred that certain terms of the Settlement Agreement be different and I am not satisfied that they are not different. Specifically, I am not satisfied with the final language of the injunction proposed by Bank of America. However, I recognize the uncertainty involved in litigation. I also understand that the reality of settlement is that parties must engage in a number of concessions to reach a resolution, and that the goal sometimes is equal dissatisfaction. Moreover, I believe that my personal satisfaction is irrelevant to my duties as class representative in this case. I recognize the relief on the whole is fair to the class, and I must put aside my personal interest, and I recognized by signing the Settlement Agreement that the settlement ultimately negotiated is fair and adequate to the class.

Affidavit of Domonoske at paragraph 23. Paragraph 7 of the Settlement Agreement provides that the parties agree to entry of an order by this Court concerning the implementation of procedures for the delivery of notices that were at issue in this case. Paragraph 7 states in full:

> **7. <u>Injunctive Relief</u>**
>
> The Parties and Class Counsel agree to entry of an Injunction and Consent Order regarding procedures and processes to be used by Bank of America in preparing and delivering notices under 15 USC 1681g(g). The Class

> Representatives and their counsel will represent that they have reviewed the Declaration of Marty Smith as agreed by the parties, and they agree that this procedure for Bank of America's sending of credit score disclosures detailed therein would comply with the Fair Credit Reporting Act, 15 U.S.C. §1681g(g). Entry of an Injunction and Consent Order in a form substantially similar to Exhibit D is a material term of this Agreement, and Bank of America reserves right the void this Agreement in the event that the Court refuses to enter such an Injunction and Consent Order.

This provision describes specific rights and duties in relation to an order concerning the Bank's compliance with the relevant provisions of the FCRA.

For his part, Mr. Domonoske expressly agreed to entry of "an" order concerning the Bank's delivery of notices under the relevant provisions of the FCRA. Likewise, he also agreed to review the declaration of Ms. Smith and agreed that the process outlined in that declaration complied with the relevant provisions of the FCRA. These are Mr. Domonoske's obligations under the agreement. Mr. Domonoske remains committed to those agreements without qualification. Consequently, Mr. Domonoske agrees that any consent order directing that Bank of America adhere to those procedures already described by Ms. Smith would likewise be directing Bank of America to comply with the FCRA, and he agrees to entry of such an order.

Under the plain language of the Settlement Agreement, Mr. Domonoske agreed to allow the Bank to propose the form of the injunction to be entered by the Court, and the Bank reserved the right to withdraw in the event that the Court rejected the order "in a form substantially similar to Exhibit D." Neither the proposed class Settlement Agreement, nor the form of Exhibit D itself called for Mr. Domonoske's execution on the proposed form consent order. Consistent with his obligations under Paragraph 7 of the agreement, Mr. Domonoske agrees to the Court's entry of an order. Conceptually, he understood that, upon entry, the order would operate as an agreement between Bank of

America and the Court. Nothing in the Objections that he has previously filed should be read to imply his consent to his execution of that form order, either as proposed or as the Bank has proposed its modification.

Mr. Domonoske maintains that this Court has the authority to enter a consent order consistent with the express terms of the Settlement Agreement. To the extent that his signature is proposed, Mr. Domonoske takes the position that the addition of his signature is both unnecessary and would represent a material alteration of those express terms of the Settlement Agreement. To the extent that any prior statements by Mr. Domonoske were unclear on this point, Mr. Domonoske apologizes for that lack of clarity.

Mr. Domonoske reiterates his agreement, evidenced in Paragraph 7 of the Settlement Agreement, that the process described by Marty Smith in her Declaration filed by Bank of America complies with the FCRA regarding delivery of credit score disclosures after use. Likewise, Mr. Domonoske concurs with Bank of America's legal analysis that this Court has the authority to enter a consent order concerning Bank of America's conduct in relation to its delivery of notices under 15 U.S.C. 1681g(g).

## CONCLUSION

For these reasons, and the reasons set forth previously, Plaintiff requests that the Court sustain the objections to the Magistrate Judge's Report and Recommendation and grant preliminary approval of the proposed class settlement agreement.

        THOMAS D. DOMONOSKE

        By:  s/ Timothy E. Cupp
           Timothy E. Cupp
           Virginia Bar Number: 23017
           Cupp & Cupp, P.C.
           1951 Evelyn Byrd Avenue
           Harrisonburg, Virginia 22801
           (540)432-9988
           cupplaw@comcast.net

           Ian B. Lyngklip, Esq.
           CONSUMER LAW
           CENTER, PLC 24500
           Northwestern Hwy, Ste. 206
           Southfield, MI 48075
           Telephone: (248) 320-8010
           Email: ianlyngklip@att.net

        Attorneys for Thomas D. Domonoske

## Certificate of Service

I hereby certify that on February 24, 2010, I filed the foregoing **Plaintiff's Responses to Bank of America's Objections** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel for the defendant:

John A. Trocki III
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 21102

Michael J. Agoglia
Alexandria A. Amezcua
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105

R. Grant Decker
J. Douglas Cuthbertson
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102

                                                                                             s/ Timothy E. Cupp