## AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement is entered into between plaintiffs Thomas D. Domonoske and Victor Rivera ("Class Representatives" or "plaintiffs"), on behalf of themselves and the Class Members (as defined below), and defendant Bank of America, N.A. ("Bank of America" or "defendant").

## RECITALS

WHEREAS, Class Representatives are the plaintiffs in actions entitled *Thomas Domonoske v. Bank of America, N.A.*, No. 5:08CV00066, United States District Court, Western District of Virginia, and *Victor Rivera v. Bank of America, N.A.*, No. 3:08CV00327, United States District Court, Eastern District of Virginia;

WHEREAS, the Parties (as defined below) have agreed to the transfer of *Rivera* from the Eastern District of Virginia to the Western District of Virginia for settlement purposes and to the consolidation of *Rivera* with *Domonoske* for settlement purposes, which consolidated action shall be referred to as the "Action";

WHEREAS, the Action asserts that Bank of America violated the Fair Credit Reporting Act, 15 U.S.C. § 1681g(g) ("FCRA"), in the timing of credit score disclosures to applicants for certain loans secured by real property;

WHEREAS, defendant denies the allegations and all liability with respect to any and all facts and claims alleged in the Action, and further denies that Class Representatives or any members of the class they purport to represent have suffered any damage;

WHEREAS, the Parties contested issues of both law and fact concerning the allegations and claims made in the Action;

WHEREAS, Class Representatives and Class Counsel (as defined below) have conducted an extensive investigation into the facts and law and have engaged in extensive discovery and settlement negotiations relating to the Action, including numerous mediation sessions with the Honorable Edward A. Infante at JAMS;

WHEREAS, defendant vigorously and expressly denies liability, but nevertheless desires to settle the Action finally on the terms and conditions set forth herein for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by the Action; and

WHEREAS, in response to the Court's order dated June 17, 2010, the Parties entered into this Amended Settlement Agreement to give effect to Bank of America's election to proceed with this Settlement despite the Court's prior finding that it lacked authority to enter the prospective relief sought in the earlier Settlement Agreement;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, Bank of America and Class Representatives, on behalf of themselves and the purported class and

1

through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following amended terms and conditions:

## 1. Definitions

As used in this Settlement Agreement, the terms set forth in this section in boldface type will have the following meanings:

**1.1 ACAPS.** The Bank of America origination system primarily responsible for the processing of home equity loan applications.

**1.2 Agreement or Settlement.** This document, including the text and exhibits of this Amended Settlement Agreement, which has been signed by the Class Representatives, Class Counsel, and Bank of America or its counsel.

**1.3 Booked Loan.** An application for a home loan which resulted in executed loan documents and funding of the home loan.

**1.4 Business Days.** As used in this Agreement means days not including weekends or holidays.

**1.5 Class Counsel.** Subject to Court approval, Leonard Bennett and Matthew J. Erausquin of Consumer Litigation Associates, P.C.; Ian B. Lyngklip of Lyngklip & Associates Consumer Law Center, PLC; and Timothy E. Cupp of Cupp & Cupp, P.C.

**1.6 Class Members.** All persons who fall within the settlement class to be certified pursuant to Section 3.1 hereof.

**1.7 Class Representatives.** Thomas D. Domonoske and Victor Rivera.

**1.8 Common Fund.** The fund established by Bank of America in settlement of plaintiffs' claims, as described in Section 5.1.

**1.9 Court.** The Honorable Samuel G. Wilson, Western District of Virginia, or such other judge of the Western District of Virginia to whom the Action may hereafter be assigned.

**1.10 Credit Score Disclosure.** The disclosure required by 15 U.S.C. § 1681g(g).

**1.11 Effective Date.** The last date by which all of the following have occurred:

    (a) The Court enters a judgment finally approving the Settlement of the Action in a manner consistent with the terms and intent of this Agreement.

    (b) Either: (i) Thirty-five (35) days have passed after completed service on the Parties to the Action and all objectors to the Settlement of the Action, if any, of notice of entry of the Court's judgment finally approving the Settlement of the Action, and within such time no appeal is taken nor any extension for such appeal is granted, or (ii) if an appeal is taken with

respect to the Court's judgment finally approving the Settlement of the Action, the appellate court has by final order affirmed the Court's judgment finally approving the Settlement of the Action, or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.12   Final Judgment.** The Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court consistent with this Agreement, in the form attached as Exhibit E hereto.

**1.13   Legacy Bank of America.** The Bank of America origination systems, including systems individually known as "CAP," "Merlin," and "LPS," primarily responsible for the processing of mortgage loan applications.

**1.14   Parties.** The Class Representatives, on behalf of themselves and the Class Members, and Bank of America.

**1.15   Preliminary Approval Order.** The Preliminary Approval Order in the form attached as Exhibit A hereto.

**1.16   Released Parties.** Bank of America and its parents, subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former, or future officers, directors, shareholders, employees, representatives, consultants, accountants, and attorneys.

**1.17   Settlement Administrator.** Subject to Court approval, Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402.

**1.18   Trigger.** As used in Section 3.1 and Exhibit D, "trigger" shall mean the process by which respective origination systems (ACAPS or Legacy Bank of America) request that a Credit Score Disclosure be prepared for printing and mailing.

## 2.   Settlement Procedures

Whereas immediately after execution of the original Settlement Agreement, on September 30, 2009, plaintiffs moved the Court for an order substantially in the form of Exhibit A hereto: (a) preliminarily approving this Agreement as within the range of possible final approval as fair, adequate, and reasonable; (b) preliminarily certifying the Settlement Class as defined in Section 3.1 and appointing Class Counsel, for settlement purposes only; (c) setting a final approval hearing date; and (d) approving the manner and form of class notice described in Section 3.3, and defendant filed a joinder to that motion on October 30, 2009, plaintiffs shall continue to pursue preliminary approval of this Settlement Agreement, and defendant shall cooperate in that effort.

If the Court certifies any classes or enters any orders relating to Class Representatives and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement, nor shall they be considered as law of the case or res judicata or shall have collateral estoppel effect in this or any other proceeding. In the event

that Final Judgment is not achieved, the Court's orders contemplated by this section shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity.

### 3. The Settlement Class and Class Notice

**3.1 Settlement Class.** For settlement purposes only, the Parties agree that the Court may certify a Settlement Class defined as follows:

> All natural persons who applied to Bank of America for a loan subject to 15 U.S.C. § 1681g(g): (1) whose loan application was processed on the ACAPS platform between August 8, 2006, and September 12, 2008, where the Credit Score Disclosure was triggered more than three days after receipt of the application, or (2) whose loan application was processed and booked on the Legacy Bank of America platforms between May 28, 2006, and July 11, 2009.

**3.2 Decertification of the Settlement Class if Settlement Not Approved.** If the Court does not grant final approval of the Settlement, certification of the Settlement Class will be vacated, and the Parties will be returned to their positions *quo ante* with respect to the Action as if the Settlement had not been entered into. In the event that Final Judgment is not achieved, (a) any Court orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity, and (b) the fact of this Settlement, that Bank of America sought the certification of any class under the Settlement, or that the Court preliminarily approved the certification of a settlement class, shall not be used or cited thereafter by any person or entity, including in any contested proceeding relating to the certification of any class.

**3.3 Manner of Giving Notice.** Subject to Court approval, the Settlement Administrator will provide notice as substantially stated in Exhibit B ("Class Notice") to the Settlement Class after preliminary approval of the Settlement by the Court and in the manner prescribed herein. The Parties agree that Class Counsel may, without any additional expense to Bank of America, obtain third-party services and assistance in designing the appearance of the Class Notice, subject to approval by Bank of America. Such notice shall otherwise be at the expense of Bank of America borne separately from the Common Fund in Section 5.1. No further notice shall be required after the Court enters a judgment finally approving the Settlement of the Action.

Within fourteen (14) days after entry of the Court order granting preliminary approval, Bank of America shall compile the list of Class Members from its records in the underlying loan transactions and shall provide that list to the Settlement Administrator. In preparing the class list, Bank of America shall update the mailing address of any Class Member who has paid off the underlying loan transaction, with information obtained from its central repository of Bank of America customers. Bank of America shall indicate on the class list which Class Members have paid off their underlying loan transaction more than six months prior to September 30, 2009, and for whom it does not have an address from its central customer repository. Such Class Members will be referred to herein as Paid-Off Class Members. For the Paid-Off Class Members, the Settlement Administrator will trace their postal address through Lexis Nexis and update it

4

accordingly. The Settlement Administrator shall then update the entire Class Member list through the National Change of Address database ("NCOA").

The Settlement Administrator shall thereafter arrange within thirty (30) days of preliminary approval to mail the Class Notice and claim form ("Claim Form") described in Section 5.2 of this Agreement as a six-panel roll-fold mailer of up to one ounce in postage weight, or a mailer of comparable cost (the "Mailer"). The Mailer shall have a unique personal identification number ("PIN") for each Class Member, and shall be sent by standard-rate U.S. postage (fourth class, pre-sorted bulk, one ounce or less). Only one Mailer shall be mailed to each Class Member, and only one Mailer shall be mailed to all Class Members shown to reside at the same unique address.

    **3.4** **Settlement Website.** In accordance with the Class Notice, the Settlement Administrator shall maintain a dedicated settlement website at www.CreditScoreSettlement.com, which shall (a) prominently display the Class Notice and the Claim Form (described in Section 5.2 and attached as Exhibit C), (b) provide an online and toll-free, interactive voice response number whereby Class Members may request additional information or documents, in which event appropriate information shall be promptly provided by the Settlement Administrator, and (c) make available for download the operative complaint(s), this Agreement, and any orders and other documents from the Court relating to the Settlement. Class Counsel shall have the right to post additional materials relevant to the Settlement on the website. Defendant shall approve the posting of additional material in advance, which approval shall not be unreasonably withheld. The toll-free number shall also allow Class Members to update their mailing address, and shall provide answers to frequently asked questions, the text of which shall conform to the Class Notice approved by the Court. After one year from the Effective Date, ownership of the website shall transfer to Class Counsel.

    **3.5** **Right to Void Settlement.** If more than five percent (5%) of the people eligible for Settlement Class membership elect to opt out of the class, Bank of America may elect to void this Settlement Agreement by providing written notice to Class Counsel of such election not later than five (5) days before the fairness hearing, in which case this Settlement Agreement shall be of no force and effect and the Settlement Class shall be decertified pursuant to Section 3.2.

## 4. Release of Claims

    **4.1** **Class Claims.** Upon Final Approval, Class Representatives, each Class Member who has not opted out of the Settlement in accordance with the terms of this Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf (including the government in its capacity as *parens patriae*), will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on the alleged violation of Fair Credit Reporting Act, 15 U.S.C. § 1681g(g), or any other comparable federal, state, or local law, statute, regulation, or common law, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representatives or any Class Member ever had or now has, resulting from, arising out of,

or in any way, directly or indirectly, connected with the claims raised in the Action, or claims which could have been raised in the Action based on the transactional nucleus of facts.

    **4.2**    **Unknown Claims.** Class Representatives and Class Members each waive and release any and all provisions, rights, and benefits conferred either (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 4.1. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release, extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Class Representatives and Class Members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of Section 4.1, but each of those individuals expressly agrees that, upon entry of the Final Judgment, he shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Section 4.1, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

    **4.3**    **Bar to Future Suits.** Class Representatives, and Class Members who do not opt out in accordance with the Settlement, shall be enjoined from prosecuting any legal proceeding against any Released Party with respect to the claims released pursuant to Sections 4.1 and 4.2. The Court shall retain jurisdiction to enforce the judgment, releases, and bar to suits contemplated by the Settlement. The Settlement may be pleaded as a complete defense to any proceeding subject to this section.

    **5.**    **Classwide Settlement Relief**

    **5.1**    **Common Fund.** Bank of America will fund and establish a Common Fund in the amount of $9,950,000 within twenty (20) business days after the Effective Date. The Common Fund, less any amount of attorneys' fees, expenses, and incentive awards approved by the Court, shall be distributed to the Settlement Class by the Settlement Administrator as follows:

Class Members who submit a claim meeting the requirements of Section 5.2 shall be Eligible for an equal share of the Common Fund, less Court-approved attorneys' fees, expenses and incentive awards to Class Representatives. Eligible Class Members are entitled to one payment per loan transaction falling within the class definition. Eligible Class Members may not receive payment of more than one hundred dollars ($100) per loan transaction falling within the class definition. Claims may be submitted either online at the settlement website or by mail with the Claim Form provided with the Class Notice. Payments made to Class Members who submit valid Claim Forms in accordance with the Agreement shall be made by postcard check and shall be

negotiable for sixty (60) days. The Settlement Administrator shall update the Class Member list through the NCOA before sending those payments.

In the event that the Settlement Administrator is unable, after reasonable efforts, to distribute the entirety of the Common Fund within the time stated herein, any remaining funds shall be provided *cy pres* subject to Court approval to the Center for Responsible Lending for use in programs to assist current or former customers of Bank of America faced with foreclosure or seeking housing following a foreclosure. Such grant of funds must stipulate that the payments may not be used in furtherance of litigation.

**5.2    Eligibility.** In order to be eligible for Settlement benefits, each Class Member must complete a Claim Form and either submit it online using his or her unique PIN, or postmark a hardcopy by the deadline set by the Court. The Claim Form shall be subject to Court approval, and shall be in a form substantially similar to Exhibit C.

### 6.    Cost of Administration

Settlement administration costs, including costs of mailing the Class Notice, are to be borne by Bank of America separate from the Common Fund.

### 7.    Representation Regarding Disclosure Practices

Class Counsel represent that they have reviewed the Declaration of Marty Smith, attached as Exhibit D, and they agree on behalf of themselves and the class representatives that the procedure detailed therein for Bank of America's sending of credit score disclosures, if adhered to, would comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681g(g).

### 8.    Attorneys' Fees and Litigation Expenses and Reimbursements

**8.1    Attorneys' Fees and Expenses.** Class Counsel agree to request approval of attorneys' fees in an amount not to exceed 25% of $9,400,000 of the Common Fund (approximately 23% of the Common Fund). In addition, Class Counsel and the Class Representatives will also request Court approval of their litigation costs and expenses. Bank of America will not oppose any such requests, and will pay any fees approved by the Court in an amount that does not exceed 25% of $9,400,000 of the Common Fund, and any costs and expenses approved by the Court, and will do so out of the proceeds of the Common Fund within twenty-one (21) days after the Effective Date.

**8.2    Incentive Award.** Class Representatives will request Court approval of an incentive award not to exceed $5,000. Bank of America will not oppose any such request, and will pay Class Representatives any incentive award approved by the Court in an amount that does not exceed $5,000 to each, and will do so out of the proceeds of the Common Fund within twenty-one (21) days after the Effective Date.

### 9. Dismissal of Litigation

The Class Representatives, on behalf of themselves and the Class Members, consent to the dismissal of the Action with prejudice in accordance with the terms of the Agreement, and the Parties hereby stipulate to the entry of the Final Judgment in the form attached as Exhibit E.

### 10. Continuing Jurisdiction

The Court shall have continuing jurisdiction, during the term of this Agreement, to enforce this Agreement's terms, and to enforce the Final Judgment.

### 11. Non-Disparagement

Class Counsel and Class Representatives agree to refrain from defaming Bank of America and its parent company, subsidiaries, affiliates, successors, or assigns with respect to any issue related to this case. Bank of America agrees to refrain from defaming Class Representatives publicly or in the media regarding any issue related to this case.

### 12. Notices

Any communication, verification, or notice sent by Class Counsel or a Party in connection with this Settlement Agreement shall be effected by facsimile and U.S. mail as follows:

To Plaintiffs:

Ian B. Lyngklip
Lyngklip & Associates
Consumer Law Center, PLC
24500 Northwestern Highway, #206
Southfield, Michigan 48075
Facsimile: (248) 208-9073

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Facsimile: (757) 930-3662

To Bank of America:

Michael J. Agoglia
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
Facsimile: (415) 268-7522

### 13. Miscellaneous

**13.1 Entire Agreement.** This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.

**13.2 No Liability.** This Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either Party as to

the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in this Action. This Agreement does not constitute a waiver of any defenses or affirmative defenses that Bank of America or its successor may be entitled to assert in any future litigation, including the applicable statute of limitations.

**13.3  Invalidity on Modification or Disapproval.** In the event any court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Judgment without modification, or holds that the entry of the Final Judgment or any material part thereof should be overturned or modified in any material way, then:

> (A) If all Parties do not agree jointly to appeal such ruling, this Settlement Agreement will become null and void, and the Action will continue, and the Parties stipulate to a joint motion (i) that any and all orders entered pursuant to this Settlement Agreement be vacated, and (ii) that any and all dismissals pursuant to this Agreement will be vacated; or

> (B) if the Parties do agree to jointly appeal such ruling and if the Final Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Agreement will become null and void, and the Action will continue, and the Parties stipulate to a joint motion (i) that any and all orders entered pursuant to this Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting amendment of the complaint to conform the complaint to the class definition set out in Section 3.1, and (ii) that any and all dismissals pursuant to this Agreement will be vacated.

**13.4  Amendment.** This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

## 14.  Representations and Warranties

**14.1  No Additional Persons with Financial Interest.** Class Representatives and Class Counsel warrant and represent that they are not aware of any persons (natural or legal) having any interest in any award of attorneys' fees, costs, and litigation expenses in connection with the Action other than Class Counsel. Class Representatives and Class Counsel agree to indemnify and hold Bank of America harmless from any claim by any person (natural or legal) for an award of attorneys' fees, costs, and litigation expenses in connection with the Action.

**14.2  Parties Authorized to Enter into Settlement Agreement.** Class Representatives and Bank of America represent and warrant that they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants and represents that he is and has been fully authorized to do so by such Party. Each Party hereto further represents and warrants that he, she, or it intends to be bound fully by the terms of this Agreement.

**14.3    No Attempt by Parties to Object.** Class Representatives and Class Counsel and defendant each represent and warrant that they have not attempted to, nor will they, (a) attempt to void this Agreement in any way, or (b) solicit, encourage, or assist in any fashion in any effort by any person (natural or legal) to object to the Settlement under this Agreement.

**14.4    Signatures.** The Parties and their counsel may sign separate copies of this Settlement Agreement, which together will constitute one agreement. Each person executing this Settlement Agreement warrants that such person has the full authority to do so. In addition, signature by facsimile will constitute sufficient execution of this Settlement Agreement.

**14.5    Best Efforts.** The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims. Class Counsel, Class Representatives, and Bank of America consider the settlement effected by this Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including amendment of the complaint to incorporate the definition of the Settlement Class, and in responding to any objectors, intervenors, or other persons or entities seeking to preclude the final approval of this Settlement Agreement.

**14.6    Time Periods.** The time periods and dates provided in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Class Counsel and counsel for defendant.

**14.7    Governing Law.** This Agreement is intended to be and shall be governed by the laws of the Commonwealth of Virginia.

**14.8    No Construction Against Drafter.** This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

**14.9    Agreement Binding on Successors in Interest.** This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

    **14.10  Execution in Counterparts.** This Agreement shall become effective upon its execution by the Parties, Class Counsel, and counsel for Bank of America. The Agreement may be executed in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

ON BEHALF OF BANK OF AMERICA

Dated: September 7, 2010

BY GREGORY SPENCER
ITS ASSOCIATE GENERAL COUNSEL

Approved as to form:

Dated: September 8, 2010

Michael J. Agoglia
MORRISON & FOERSTER LLP

ON BEHALF OF PLAINTIFFS

Dated: September ___, 2010

_____
Thomas D. Domonoske

Dated: September ___, 2010

_____
Victor Rivera

Approved as to form:

Dated: September ___, 2010

_____
Plaintiffs' Counsel

2860832

11

14.10  **Execution in Counterparts.** This Agreement shall become effective upon its execution by the Parties, Class Counsel, and counsel for Bank of America. The Agreement may be executed in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

ON BEHALF OF BANK OF AMERICA

Dated: September ___, 2010

BY _____
ITS

Approved as to form:

Dated: September ___, 2010

_____
Michael J. Agoglia
MORRISON & FOERSTER LLP

ON BEHALF OF PLAINTIFFS

Dated: September _7_, 2010

_____
Thomas D. Domonoske

Dated: September _8_, 2010

_____
Victor Rivera

Approved as to form:

Dated: September _7_, 2010

_____
Plaintiffs' Counsel

2860832

11