IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| THOMAS D. DOMONOSKE, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., a national banking association, <br><br> Defendant. | Civil Action No. 5:08-cv-00066 |
| VICTOR RIVERA, individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., a national banking association, <br><br> Defendant. | Civil Action No. 5:09-cv-00080 |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

These matters having come before the Court upon the Motion of Plaintiffs Thomas Domonoske and Victor Rivera (collectively, "plaintiffs"), individually and on behalf of a class of persons, for preliminary approval of a settlement reached between plaintiffs and Bank of America, N.A. ("Bank of America" or "defendant"), and upon consideration of the Parties' Amended Settlement Agreement dated September __, 2010 (the "Settlement" or "Settlement Agreement"), and the exhibits thereto,



IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. Based on the Court's review of the Settlement Agreement, the supporting briefs and declarations, argument of counsel, and the entire record, including Bank of America's joinder to plaintiffs' Motion, and the parties' Joint Submission Regarding Preliminary Approval of Class Action filed May 6, 2010 (the "Joint Submission"), the Court finds that the proposed Settlement is within the range of possible approval. Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement is granted.

3. If, for any reason, the Settlement is not finally approved or does not become effective, this provisional approval and class certification Order shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

4. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

> All natural persons who applied to Bank of America for a loan subject to 15 U.S.C. § 1681g(g): (1) whose loan application was processed on the ACAPS platform between August 8, 2006 and September 12, 2008, where the Credit Score Disclosure was triggered more than three days after receipt of the application, or (2) whose loan application was processed and booked on the Legacy Bank of America platforms between May 28, 2006 and July 11, 2009.

5. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Class Representatives Thomas D. Domonoske and Victor Rivera are conditionally

designated as representatives of the Settlement Class, and the following law firms and attorneys are conditionally appointed as Class Counsel for the Settlement Class:

Leonard A. Bennett
Matthew Erausquin
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606

Timothy E. Cupp
Cupp & Cupp, P.C.
P.O. Box 589
Harrisonburg, Virginia 22801

Ian B. Lyngklip
Lyngklip & Associates, Consumer Law Center, PLC
24500 Northwestern Highway, #206
Southfield, Michigan 48075

6. Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, is hereby appointed as Settlement Administrator to administer the notice procedures and other aspects of this proposed Settlement, as more fully set forth in the Settlement Agreement.

7. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Fairness Hearing described in paragraph 12 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

8. Defendant is hereby directed to prepare the Class Member list in the manner described in the Settlement Agreement, and to do so within fourteen (14) days after entry of an order granting preliminary approval. Within thirty (30) days after entry of an order granting

preliminary approval, the Settlement Administrator shall provide notice of the Settlement and of the Fairness Hearing in accordance with the procedures detailed in the Settlement Agreement to each Class Member on the Class Member list by mailing a copy of the Class Notice, in the form attached to the Settlement Agreement as Exhibit B, together with a copy of the Claim Form, in the form attached to the Settlement Agreement as Exhibit C (together, the "Mailer"). The Settlement Administrator shall format and prepare the Class Notice and the Claim Form to conform to the notice provisions of the Settlement Agreement. The claim form shall notify the class members that their Claim Form must be postmarked not later than [Date].

9. Upon review of the Parties' submissions, and the terms of the Settlement Agreement, the Court finds that the Settlement Agreement's plan for class notice, further described in sections 3.3 and 3.4 of the Settlement Agreement, satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice and the Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no notice other than that identified in the Settlement Agreement is reasonably necessary in this Action.

10. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must mail a request for exclusion ("Opt-Out") to the Settlement Administrator postmarked no later than [40 days from the Fairness Hearing]. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above), submitted through the website created for administration of this settlement, submitted on the Request for Exclusion form provided with the Class Notice, or delivered by separate letter, and must: (a) state the name of this lawsuit, *Thomas D. Domonoske v. Bank of*

*America, N.A.*, Case No. 5:08CV00066; (b) state the Class Member's full name and address; (c) contain the Class Member's signature; and (d) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. Any Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements for requesting exclusion from the Settlement Class as set forth above and in the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in sections 4.1, 4.2, and 4.3 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any Class Member who is a successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or to seek to intervene in the Action.

11. A hearing (the Fairness Hearing) shall be held before this Court [at least 120 days from entry of an order granting Preliminary Approval], to hear objections and determine: (i) whether the proposed Settlement and compromise of this Action as set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and should be approved by the Court; (ii) whether the Final Judgment should be entered approving the Settlement; (iii) whether to approve the request of Class Counsel for payment of attorneys' fees and reimbursement of expenses; and (iv) whether to approve the request of Class Representatives for incentive awards. Notice of such hearing shall be provided to Class Members in the fashion described in section 3.3 of the Settlement Agreement. Such notice shall be given in the Class Notice and available on a dedicated settlement website at www.CreditScoreSettlement.com, as described further in section 3.4 of the Settlement Agreement.

12. Any interested person may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, adequate, and in good faith and/or why the request of Class Counsel for approval of attorneys' fees and expenses and litigation-related reimbursements should or should not be approved as fair and reasonable; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the fees, costs, and reimbursements requested by Class Counsel, unless that person (i) has sent or delivered written objections and copies of any supporting papers and briefs so that they are received no later than [40 days before the Fairness Hearing], to Class Counsel at the above addresses, and to counsel for Bank of America, Michael J. Agoglia, at Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, and (ii) has filed said objections, papers and briefs, showing proof of service upon said counsel, with the Clerk of the United States District Court for the Western District of Virginia, 116 N. Main Street, Room 314, Harrisonburg, VA 22802, on or before the same date. Any Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy, or reasonableness of the Settlement, and to any attorneys' fees and reimbursements approved.

13. All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement; Class Counsel's request for approval of attorneys' fees, costs and reimbursement of expenses; and Class Representatives' request for approval of incentive awards payments shall be filed on or before [55 days before the Fairness Hearing].

-7-

14. The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed Settlement and request for approval of attorneys' fees and expenses and request for approval of Class Representative incentive awards at or after the originally scheduled Fairness Hearing.

IT IS SO ORDERED.

Dated: _____          _____
                                                   HONORABLE SAMUEL G. WILSON
                                                   UNITED STATES DISTRICT JUDGE

2746101