## LEGAL NOTICE BY ORDER OF THE COURT

**IF YOU APPLIED FOR A HOME EQUITY LOAN OR MORTGAGE LOAN FROM BANK OF AMERICA BETWEEN MAY 28, 2006 AND JULY 11, 2009, YOU MAY BE ENTITLED TO MONETARY BENEFIT FROM A CLASS ACTION SETTLEMENT**

*A FEDERAL COURT ORDERED THIS NOTICE.*
*THIS IS NOT A SOLICITATION FROM A LAWYER.*

- A settlement has been proposed in a class action lawsuit against Bank of America, N.A. ("Bank of America") which relates to the timing of Bank of America's credit score disclosures provided to persons who applied for certain home loans between May 28, 2006 and July 11, 2009.

- Your legal rights are affected whether or not you respond. *Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **MAKE A CLAIM FOR CASH BENEFITS** | The only way to receive a personal monetary benefit from this settlement. |
| **EXCLUDE YOURSELF** | You remove yourself from participation in this class action and do not receive a benefit from this settlement. However, you retain your right to file a separate lawsuit against Bank of America. If you choose this option, it is very important that you speak to an attorney immediately because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| **OBJECT** | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, and/or adequate. |
| **DO NOTHING** | You receive no personal monetary benefit from this settlement, and you give up your right to file a lawsuit against Bank of America about the credit score disclosures at issue. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court still must decide whether to approve the settlement. Benefits may only be provided if the Court approves the settlement and after appeals are resolved. Please be patient.

### BASIC INFORMATION

This lawsuit was filed on August 8, 2008. Here is some basic information.

### 1. WHAT IS THIS LAWSUIT ABOUT?

Plaintiff Thomas D. Domonoske instituted this action on August 8, 2008, in the United States District Court for the Western District of Virginia, No. 5:08CV00066 (the "Action"). On [date], Victor Rivera was added to this case as a plaintiff.



EXHIBIT B

*Background Facts:*

During the class periods, for mortgage loans or home equity transactions, when Bank of America received an application, its practice was to obtain the consumer's credit score from a credit-reporting agency. For home equity transactions, the Bank prepared and then mailed the required credit score disclosures when its computer system indicated that a decision to deny or withdraw the application, or to make the loan, was made. The average time between application and those decisions during the class period was approximately 5 days, though some took less and some took more time. For home equity transactions that closed, the disclosure was not sent before the closing. For other mortgage loans, the Bank automatically prepared the credit score disclosure when the score was received, but delayed sending the notices for at least four days.

*What the Law Requires:*

A federal law, the Fair Credit Reporting Act required Bank of America to send you the credit score it obtained and related disclosures "as soon as reasonably practicable."

If Bank of America "negligently" violated this law, it could be held responsible for any actual damages you sustained from the delay in providing the credit score to you. If Bank of America "willfully" violated this law, it could also be held responsible to pay statutory damages between $100 and $1,000, plus punitive damages.

*What the Plaintiffs Alleged:*

Plaintiffs claim that these delays in sending the credit scores to applicants violated the Fair Credit Reporting Act because they were not sent as soon as was reasonably practicable. Domonoske and Rivera alleged that Bank of America failed to timely provide credit score disclosures to certain applicants for home equity and mortgage loans, as provided by 15 U.S.C. § 1681g(g). Plaintiffs sought both statutory and punitive damages, in addition to injunctive and declaratory relief.

*How Bank of America Responded:*

Bank of America denied all allegations of wrongdoing and contends that it fully complied with the law. The Bank further contends that it spent significant time and resources on complying with the applicable legal provisions, and that, if it were found that its processes did not comply with the law, it would not be found to have done so negligently or willfully. The Bank contends that its process for providing credit score disclosures was approved by legal counsel and driven by reasonable and practical concerns, including the systems available to process the disclosures, the volume of disclosures, that shorter periods of time would not allow the consumer to get the score actually used by the Bank, and would increase errors and increase mail returned as undeliverable.

| 2. | **WHY IS THERE A SETTLEMENT?** |
|---|---|

The Court did not decide in favor of the plaintiffs or the defendant. Instead, both sides agreed

to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the class. The class representatives and their attorneys think the settlement is best for all class members.

## WHO IS AFFECTED BY THE SETTLEMENT?

### 3. HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are a member of the Settlement Class and are affected by the settlement if you applied to Bank of America for a loan subject to 15 U.S.C. § 1681g(g), and either:

- Your loan application was processed on the ACAPS platform between August 8, 2006 and September 12, 2008, and the credit score disclosure was triggered more than three days after receipt of the application; or

- Your loan application was processed and booked on the Legacy Bank of America platforms between May 28, 2006 and July 11, 2009.

**ACAPS** is the Bank of America origination system primarily responsible for the processing of home equity loan applications.

**Legacy Bank of America** represents the Bank of America origination systems primarily responsible for the processing of mortgage loan applications.

A **Booked Loan** is one in which an application for a home loan resulted in executed loan documents and funding of the home loan.

If you meet this description, unless your valid request for exclusion is received by the Claims Administrator by [date], you are automatically a member of the Settlement Class (a "Class Member") and are automatically included in the settlement and entitled to a monetary benefit if you submit a claim form ("Claim Form").

## WHAT BENEFITS ARE PROVIDED?

### 4. WHAT DOES THE SETTLEMENT PROVIDE?

*Cash Recovery:*

There is a net common fund of $9,950,000 to pay all Class Member claims and the costs and fees of the case. If the settlement is approved, and you certify that you are eligible by submitting a timely Claim Form as described below, you will be able to receive monetary recovery from the common fund. The amount you will receive will depend on how many other Class Members submit claims. For example, if 15% of Class Members submit claims, you will get approximately $14. If 10% submit claims, you will get approximately $21. If 2% submit claims, you will get $100. If all Class Members submit claims, you will get at least $2.00. Eligible Class Members are entitled to one payment per loan transaction during the class period. Eligible Class Members may not receive payment of more than $100 per loan transaction during the class period.

In order to participate in the settlement, you must certify either that you were interested in obtaining your credit score during the Bank of America transaction, or that you are unaware of any fact that would render you ineligible to participate in the settlement.

## HOW YOU GET SETTLEMENT BENEFITS

### 5. HOW CAN I GET A BENEFIT?

**There are two ways to claim your cash benefit.**

*A. Mail Your Claim Form*

To obtain settlement benefits, you must mail the attached Claim Form to the Settlement Administrator by [date], and make the appropriate certification. Claim Forms must be postmarked no later than [date], and mailed to the Settlement Administrator at:

> *Domonoske* Settlement
> Rust Consulting, Inc.
> 625 Marquette Avenue
> Suite 880
> Minneapolis, MN 55402

**CLAIM FORMS THAT ARE NOT RECEIVED OR POSTMARKED ON OR BEFORE _____ WILL NOT BE HONORED.**

*B. Go to the Settlement Website to Submit Your Claim:*

You may also submit the Claim Form on the web at www.CreditScoreSettlement.com.

### 6. WHEN WOULD I GET MY BENEFIT?

The Court will hold a hearing on [date], to decide whether to approve the settlement. However, even if the Court approves the settlement, there may still be appeals. It is always uncertain how long it will take for these appeals to be decided. In some cases, the appeals process may take up to a year.

### 7. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you can't be part of any other lawsuit against Bank of America about the legal claims in this case and legal claims that could have been brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," explained below, which describes exactly the legal claims that you give up if you get settlement benefits.

**Release of Claims**

*Upon Final Approval, Class Representatives, each Class Member who has not opted out of the Settlement in accordance with the terms of this Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf (including the government in its capacity as parens patriae), will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on the alleged violation of Fair Credit Reporting Act, 15 U.S.C. § 1681g(g), or any other comparable federal, state, or local law, statute, regulation, or common law, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class*

*Representatives or any Class Member ever had or now has, resulting from, arising out of, or in any way, directly or indirectly, connected with the claims raised in the Action, or claims which could have been raised in the Action based on the transactional nucleus of facts.*

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a benefit from this settlement, but you want to maintain your right to sue or continue to sue Bank of America on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.

**8.   HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?**

There are two ways to "opt out" or exclude yourself from the settlement.
**REQUESTS FOR EXCLUSION THAT ARE NOT RECEIVED ON OR BEFORE _____, WILL NOT BE HONORED.**

You can't exclude yourself on the phone or by email. You also can't exclude yourself by mailing a request to any other location or after the deadline.

If you exclude yourself and decide to file your own individual lawsuit, you should act quickly as the time to file such an action is limited. You should consult your own attorney about your case.

*A. Mail Your Exclusion Request*

To exclude yourself from the settlement by mail, you must complete the attached Request to Be Excluded ("Exclusion Request"), selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Domonoske* case. Be sure to include: (1) the name of this lawsuit, *Domonoske v. Bank of America, N.A.*, Case No. 5:08CV00066; (2) your full name and current address; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is received no later than _____, to:

> *Domonoske* Opt-Out Request
> Rust Consulting, Inc.
> 625 Marquette Avenue
> Suite 880
> Minneapolis, MN 55402

*B. Go to the Settlement Website to Submit Your Exclusion Request*

In the alternative, you may also choose to exclude yourself from or "opt out" of the class action by visiting the settlement website at: www.CreditScoreSettlement.com. If you choose to exclude yourself via the website, there is no need to send the Exclusion Request by mail.

**9.   IF I DON'T EXCLUDE MYSELF, CAN I SUE BANK OF AMERICA FOR THE SAME THING LATER?**

No. Unless you exclude yourself, you give up the right to sue Bank of America for the claims

that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* class action in order to continue your own lawsuit. Remember, [date] is the deadline by which your Exclusion Request must be received, either by mail or from the settlement website.

### 10. IF I EXCLUDE MYSELF, CAN I GET ANY BENEFIT FROM THIS SETTLEMENT?

No.

## THOSE REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

The Class Representatives retained **Ian B. Lyngklip**, Lyngklip & Associates, Consumer Law Center, P.L.C., 24500 Northwestern Highway, Suite 206, Southfield, Michigan, 48075; **Timothy E. Cupp**, Cupp & Cupp, P.C., P.O. Box 589, Harrisonburg Virginia, 22803; and **Leonard A. Bennett** and **Matthew J. Erausquin**, Consumer Litigation Associates, P.C., 12515 Warwick Boulevard, Suite 100, Newport News, Virginia, 23606 to represent them. In connection with the preliminary approval of the settlement, the Court appointed these firms to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees, which Bank of America has agreed to pay, up to a percentage of approximately 24% of the cash recovered for the Class. However, the Court may ultimately award less than this amount. Class Counsel will also ask the Court to reimburse the costs and expenses incurred by them and by the Class Representatives in litigating this matter. Bank of America has paid for the costs of this notice to you and the costs of administering the settlement fund.

### 13. ARE THE CLASS REPRESENTATIVES ENTITLED TO A SEPARATE PAYMENT?

Class Representatives will ask the Court to approve a payment to Thomas D. Domonoske and Victor Rivera of $5,000 each as an incentive award for their efforts and time expended in prosecuting this case. However, the Court may ultimately award less than this amount. Bank of America will separately pay these incentive awards. Bank of America's payment of these awards will not affect the benefits available to Class Members.

## OBJECTING TO THE SETTLEMENT

### 14. HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you're a Class Member, you can object to the settlement if you don't think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Domonoske* case. Be sure to include (1) the name of this lawsuit, *Domonoske v. Bank of America, N.A.*, Case No. 5:08CV00066; (2) your full name, current address and telephone number; (3) the reasons you object to the settlement;

and (4) your signature. Mail the objection to these three different places so that it is received no later than _____:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>116 N. Main Street<br>Room 314<br>Harrisonburg, Virginia 22802 | Ian B. Lyngklip<br>Lyngklip & Associates<br>Consumer Law Center<br>24500 Northwestern Hwy.<br>Suite 206<br>Southfield, Michigan 48075<br><br>Leonard A. Bennett, Esq.<br>Consumer Litigation Associates, P.C.<br>12515 Warwick Boulevard<br>Suite 100<br>Newport News, Virginia 23606 | Michael J. Agoglia<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105 |

You also must file a statement with the Court that tells the Court the date that you also mailed or delivered copies of these papers to Class Counsel and Defense Counsel.

### 15.   WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you can pursue your own claim against Bank of America, but you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

### 16.   WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing at [time] on [date], at Courtroom \_\_\_\_ of the United States District Court for the Western District of Virginia, 116 North Main Street, Harrisonburg, Virginia, 22802. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much Bank of America will be ordered to pay Class Counsel and Class Representatives. After the hearing, the Court will decide whether to finally approve the settlement.

## 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 18. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Domonoske* case." Be sure to include your name, address, telephone number and signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses previously provided, and must be received by the Clerk of the Court by [date]. You cannot speak at the hearing if you have excluded yourself.

## IF YOU DO NOTHING

## 19. WHAT HAPPENS IF I DO NOTHING?

If you do not submit a completed Claim Form, you will not receive personal monetary benefits from the settlement. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Bank of America about the legal issues in this case.

## GETTING MORE INFORMATION

## 20. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement. More details can be found on the settlement website at **www.CreditScoreSettlement.com**, which includes the complaint, Settlement Agreement, and other governing settlement documents, and also allows you to submit the Claim Form electronically or to exclude yourself from ("opt out") the settlement. You can also obtain a copy of the Settlement Agreement at the office of the Court Clerk, 116 N. Main Street, Room 314, Harrisonburg, Virginia, 22802, during the hours of 8:30 a.m. to 4:30 p.m., Monday through Friday, except holidays.

## 21. HOW DO I GET MORE INFORMATION?

You can visit the website at **www.CreditScoreSettlement.com**. If you have questions about the case, you can call toll free [phone number], or write to **Ian B. Lyngklip**, Lyngklip & Associates, Consumer Law Center, P.L.C., 24500 Northwestern Hwy, Suite 206, Southfield, Michigan 48075, or **Leonard A. Bennett**, Consumer Litigation Associates, P.C., 12515 Warwick Boulevard, Suite 100, Newport News, Virginia, 23606.

## Request to Be Excluded — Receive No Settlement Benefits

### (You may not choose this option if you signed the Claim Form, or submitted it online)

### A. *Exclude Yourself by Mail*

To exclude yourself from the settlement by mail, you must sign below and return this form, or send a letter stating that you want to be excluded from the settlement of the *Domonoske* case. Be sure to include: (1) the name of this lawsuit, *Domonoske v. Bank of America, N.A.*, Case No. 5:08CV00066; (2) your full name and current address; (3) a statement of intention to exclude yourself from the Settlement Class; and (4) your signature. You must mail your exclusion request so that it is received no later than _____, to:

> *Domonoske* Opt-Out Request
> Rust Consulting, Inc.
> 625 Marquette Avenue
> Suite 880
> Minneapolis, MN 55402

### B. *Go to the Settlement Website to Submit Your Request to Be Excluded*

In the alternative, you may also choose to exclude yourself from or "opt out" of the class action by visiting the settlement website at: www.CreditScoreSettlement.com. If you choose to exclude yourself via the website, there is no need to return this form by mail.

Check here if you wish to be excluded from the settlement: _____ I am opting out.

Signature: _____    Date: _____

2746099