**CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO PROTECTIVE ORDER AND
MEDIATION CONFIDENTIALITY AGREEMENT**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| THOMAS DOMONOSKE<br>Individually and on behalf of all others<br>similarly situated,<br><br>                   Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, N.A., a national<br>banking association,<br><br>                   Defendant. | Case No.  05:08-cv-00066<br>Hon. Samuel G. Wilson<br>Magistrate Judge:  Michael F. Urbanski |

**DECLARATION OF MARTY SMITH
REGARDING CURRENT CREDIT SCORE DISCLOSURE PROCESS**

I, Marty Smith, declare as follows:

1.     I am a Senior Vice President in the Mortgage, Home Equity & Insurance Services Risk Operations group of Bank of America, N.A. ("Bank"). I have been employed by the Bank continuously since 1988. From 2004 to 2008, I was a Regulatory Integration Manager for the Bank's compliance with the Fair and Accurate Credit Transaction Act ("FACTA"). My responsibilities have included process design and compliance issues relating to FACTA's provision requiring credit score disclosures, including the compliance protocols now in place for the Bank's home equity fulfillment platform, known as ACAPS, and the surviving mortgage loan fulfillment platform, known as LPS. Based on that involvement, I make this declaration based on my own personal knowledge, including discussions with others involved with administering those compliance protocols and my review of information available to me as an employee of the Bank. If called as a witness, I could and would competently testify to the following facts.

2743376


EXHIBIT D

## CONFIDENTIAL SETTLEMENT COMMUNICATION
## SUBJECT TO PROTECTIVE ORDER AND
## MEDIATION CONFIDENTIALITY AGREEMENT

2. I am familiar with the procedure by which the Bank provides home equity and mortgage loan applicants a credit score disclosure as required by the Fair Credit Reporting Act. In order to provide those disclosures systematically as required, the Bank must rely on the respective fulfillment platforms because, among other things, they contain the information about when a consumer applied for a loan or line, the credit score obtained by the Bank, the mailing address and other relevant information. As mentioned above, home equity applications are processed on the ACAPS system, and mortgage loan applications are processed on the LPS system. LPS is the only remaining Legacy Bank of America fulfillment platform. The procedure by which the Bank provides a credit score disclosure is as follows:

- Day 1: As discussed more fully in my deposition taken in this action, a home equity or mortgage loan application is taken electronically and, once complete, it is electronically submitted to either ACAPS or LPS, which triggers electronically the ordering of a credit score. The credit score is received electronically, though credit scores are not always received the same day.

- Days 2-3: Processing occurs of things like "abend" files, or applications with incorrect or incomplete data, both of which can result in no credit report or score being received.

- Day 3:
    - ACAPS: the files for actual credit score disclosures are prepared and sent electronically at the end of the day in a batch file to the Bank's internal mail processor, known as Document Fulfillment Services ("DFS").
    - LPS: the files for the actual credit score disclosures are prepared and sent electronically at the end of the day in a batch file to our vendor, Microdynamics.

- Day 4:
    - ACAPS: DFS prints the disclosures, pre-folds, processes, and delivers to mail vendor, Pitney Bowes.
    - LPS: Microdynamics both prints and mails the disclosures.

- Day 5: Pitney Bowes mails disclosures from ACAPS.

2743376

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO PROTECTIVE ORDER AND
MEDIATION CONFIDENTIALITY AGREEMENT

3. Disclosures are not mailed on weekends or holidays, therefore "days" referenced herein are business days. The batch files are run daily, Sunday through Friday on LPS, and Monday through Friday on ACAPS.

4. The Bank has analyzed at length the process by which these credit score disclosures are provided, and specifcally examined whether the process could be any shorter. I was involved in this analysis. After a vigorous review, the Bank determined that it is not reasonably practicable to shorten further the time by which a credit score disclosure is provided. Due to the enormous volume of disclosures provided by the Bank, the Bank necessarily relies on either a third-party vendor, or a separate internal mail processing facility, for the actual printing and mailing of disclosures. Further, our analysis indicated that a shorter time period would result in an unreasonable amount of applicants not receiving disclosures due to processing errors that typically occur within the first few days after an application is submitted. The current protocols were purposely designed to so that there would be a mimimum period of time — approximately two business days — during which the bank would try to resolve such processing issues to ensure timely and accurate credit score disclosures.

5. Based upon the above, Bank of America initiates electronic preparation of the credit score disclosures within two days after receipt of the application on either ACAPS or LPS.

6. The last day the ACAPS system for delivering credit score disclosures that was in place for Mr. Domonoske's transaction was used was September 12, 2008.

7. The last day the LBOA system for delivering credit score disclosures that was in place for Mr. Rivera's transaction was used was July 11, 2009.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of September, 2009, at Greensboro, North Carolina.

- 3 -

2743376

**CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO PROTECTIVE ORDER AND
MEDIATION CONFIDENTIALITY AGREEMENT**

*/s/ Marty Smith*
Marty Smith

2743376