IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Harrisonburg Division**

| | |
|---|---|
| THOMAS D. DOMONOSKE, individually and on behalf of all those similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>      Defendant. | Civil Action No. 5:08-cv-00066 |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Settlement Agreement between the Class Representatives and Defendant Bank of America, N.A. ("Bank of America" or "Bank") provides for the settlement of this lawsuit on behalf of the Class Representatives and the Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated _____, 2010 ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the settlement reflected in it.

A Fairness Hearing was held before this Court on _____, to consider, among other things, whether the settlement should be approved by this Court as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representatives' request for approval of incentive awards is reasonable and should be approved by this Court.



EXHIBIT E

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Court finds that the Settlement Agreement is the product of good-faith, arm's length negotiations by the Parties, each of whom was represented by experienced counsel.

3. The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a Settlement Class in the Action as follows:

> All natural persons who applied to Bank of America for a loan subject to 15 U.S.C. § 1681g(g): (1) whose loan application was processed on the ACAPS platform between August 8, 2006 and September 12, 2008, where the Credit Score Disclosure was triggered more than three days after receipt of the application, or (2) whose loan application was processed and booked on the Legacy Bank of America platforms between May 28, 2006 and July 11, 2009.

4. This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

5. The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any class certification order entered in this Action, and any other rulings rendered during trial. The relief negotiated by

the Parties includes the ability for Class Members to claim up to one hundred dollars ($100) per loan transaction falling within the class period. Any remaining funds will be provided in *cy pres* to the Center for Responsible Lending for use in programs to assist current or former customers of Bank of America faced with foreclosure or seeking housing following a foreclosure. The Parties have presented evidence that the cost to Bank of America of providing this class relief is approximately $9,950,000, plus additional costs of administration. For these reasons, the Court finds that the uncertainties of continued litigation in both the trial and the appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

6. Any and all objections to the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and expenses have been considered and are hereby found to be without merit and are overruled.

7. This entire Action is dismissed with prejudice, and without costs to any party, except as expressly approved in paragraphs 9 and 10 below.

8. Upon the Effective Date, the Class Representatives, and each Class Member who has not opted out of the settlement in accordance with the terms of the Settlement Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf (including the government in its capacity as *parens patriae*), will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on the alleged violation of Fair Credit Reporting Act, 15 U.S.C. § 1681g(g), or any other comparable federal, state, or local law, statute, regulation, or common law, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising thereunder,

whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representatives or any Class Member ever had or now has, resulting from, arising out of or in any way, directly or indirectly, connected with the claims raised in the Action, or claims which could have been raised in the Action based on the transactional nucleus of facts.

9. Class Counsel's request for approval of attorneys' fees and costs in the amount of $_____ is approved.

10. Class Representatives' request for approval of an incentive award in the amount of $5,000 per Class Representative is approved.

11. Any person or entity wishing to appeal this Final Judgment shall post a bond with this Court in the amount of $_____ as a condition to prosecuting the appeal.

12. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

13. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

14. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and hereby is, entered as a final and appealable order.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE SAMUEL G. WILSON
UNITED STATES DISTRICT JUDGE

2741896