IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

**THOMAS D. DOMONOSKE,** *individually*
*and on behalf of all those similarly situated,*

        **Plaintiff**

v.     CASE NO. 5:08-cv-00066-sgw-mfu

**BANK OF AMERICA, NA,**

        **Defendant.**


### DECLARATION OF LEONARD A. BENNETT IN SUPPORT OF
### MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Leonard A. Bennett, declare:

1.     My name is Leonard A. Bennett. I am over 18 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2.     I am one of the attorneys working on behalf of the Plaintiffs in the above styled litigation, and I am an attorney and a principal of Consumer Litigation Associates, P.C., a five attorney law firm with offices in Newport News and Alexandria Virginia. My primary office is at 12515 Warwick Boulevard, Suite 100, Newport News, Virginia 23606.

3.     Since 1994, I have been and presently am a member in good standing of the Bar of the highest court of the State of Virginia, where I regularly practice law. Since 1995, I have been and presently am a member in good standing of the Bar of the highest court of the State of North Carolina. I have also been admitted to practice before and am presently a member in good standing of the Bars of the following courts:

| Court: | Date Admitted: |
|---|---|
| United States Supreme Court | 2005 |
| United States Court of Appeals for the Third Circuit | 2007 |
| United States Court of Appeals for the Fourth Circuit | 2007 |
| United States Court of Appeals for the 9th Circuit | 2009 |
| United States District Court for the Eastern District of Virginia | 1994 |
| United States District Court for the Western District of Virginia | 2004 |
| United States District Court for the Eastern District of North Carolina | 2005 |
| United States District Court for the Western District of North Carolina | 2007 |
| United States District Court for the District of Wisconsin | 2006 |
| United States District Court for the Eastern District of Michigan | 2004 |
| United States District Court for the Northern District of Illinois | 2003 |
| Supreme Court of Virginia | 1994 |
| Supreme Court of North Carolina | 1995 |

I have been admitted *pro hac vice* in jurisdictions across the country including by example only: California, Florida, Rhode Island, New Hampshire, Connecticut, Ohio, South Carolina, Pennsylvania, Arizona, Washington and Maryland.  I have never been denied admission *pro hac vice*.

  4. For over a decade, my practice has been limited to consumer protection litigation. While my experience representing consumers has fallen within several areas, my most developed

area of expertise is in plaintiff's litigation under the Federal Fair Credit Reporting Act. At least three-quarters of my practice is in this area. Most of my professional accomplishments have come in this field.

5. In 2003, I was invited to and did present the Congressional Testimony of the National Association of Consumer Advocates before the House Committee on Financial Services, *Fair Credit Reporting Act: How it Functions for Consumers and the Economy*, June 4, 2003, *Proposed Amendments to the Federal Fair Credit Reporting Act*, http://financialservices.house.gov/media/pdf/060403lb.pdf. I was again invited to present testimony before the House Financial Services Committee and did so in June 2007 http://www.house.gov/apps/list/hearing/financialsvcs_dem/osbennett061907.pdf

6. Since 2001, I have been asked to and did speak at numerous seminars and events in the area of Fair Credit Reporting and identity theft, or in the broader area of consumer protection litigation. These have included the following:

**2010**
National Consumer Law Center, National Consumer Rights Conference, Boston, MA, Speaker for Multiple Sessions, November, 2010

**2009**
National Association of Consumer Advocates, *Fair Credit Reporting Act Conference,* Chicago, Illinois, May, 2009, *Multiple Panels;*

National Consumer Law Center, National Consumer Rights Conference,  Philadelphia, PA, Speaker for Multiple Sessions, October, 2009.

**2008**
U.S. Army JAG School, Charlottesville, Virginia, Course Instructor, May 2007
    *Fair Credit Reporting Act*.

Norfolk-Portsmouth Bar Association, April 2008, Bench-Bar Presentation
    *Fair Debt Collection Practices Act*

Testified before House Financial Services Committee, May 2008
    *Credit Repair Organizations Act*.

National Consumer Law Center, National Consumer Rights Conference, Nashville, TN, Speaker for Multiple Sessions, *Fair Debt Collection Practices Act*, March 2008

**2007**

Washington State Bar, Consumer Law CLE, Speaker, July 2007
    *Fair Credit Reporting Act*.

Testified before House Financial Services Committee, June 2007
    *Fair Credit Reporting Act*.

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Denver, Colorado, May 2007,
    *Multiple Panels*;

U.S. Army JAG School, Charlottesville, Virginia, Course Instructor, May 2007
    *Fair Credit Reporting Act*.

Georgia State Bar, Consumer Law CLE, Speaker, March 2007
    *Fair Credit Reporting Act*.

**2006**

Contributing Author, *Fair Credit Reporting Act, Sixth Edition*, National Consumer Law Center, 2006.

National Consumer Law Center, National Consumer Rights Conference, Miami, FL, Speaker for Multiple Sessions, *Fair Credit Reporting Act*, November 2006

Texas State Bar, Consumer Law CLE, Speaker, October 2006
    *Federal Claims in Autofraud Litigation*

Santa Clara University Law School, Course,     March 2006
    *Fair Credit Reporting Act*.

Widener University Law School, Course,     March 2006
    *Fair Credit Reporting Act*.

United States Navy, Navy Legal Services, Norfolk, Virginia, April 2006
    *Auto Fraud*;

**2005**

Missouri State Bar CLE, Oklahoma City, Oklahoma,
    *Fair Credit Reporting Act*;

National Consumer Law Center, National Consumer Rights Conference, Boston, Mass.
    *Fair Credit Reporting Act Experts Panel*; and
    *ABCs of the Fair Credit Reporting Act*.

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, New Orleans, Louisiana (May 2005),
    *Multiple Panels*;

United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island,
    *Consumer Law.*

**2004**
American Bar Association, Telephone Seminar;
    *AChanging Faces of Consumer Law@,*

National Consumer Law Center, National Consumer Rights Conference, Boston, Mass.
    *Fair Credit Reporting Act Experts Panel*; and
    *ABCs of the Fair Credit Reporting Act.*

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Chicago, Illinois;
    *Multiple Panels*

Oklahoma State Bar CLE, Oklahoma City, Oklahoma,
    *Identity Theft*;

Virginia State Bar, Telephone Seminar,
    *Identity Theft*;

United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island,
    *Consumer Law*

United States Navy, Navy Legal Services, Norfolk, Virginia,
    *Auto Fraud*;

Virginia State Bar, Richmond and Fairfax, Virginia,
    *Consumer Protection Law*;

Michigan State Bar, Consumer Law Section, Ann Arbor, Michigan;
    *Keynote Speaker.*

7. I have substantial experience in complex litigation, including class action cases, prosecuted under the Consumer Credit Protection Statutes, including the Fair Credit Reporting Act. Such cases have included two of the three largest class results in FCRA litigation, White/Hernandez v. Experian Information Solutions, Inc., et al (C.D. Ca.)($51,000,000 Class Settlement against Equifax, Trans Union and Experian); Williams v. Lexis Nexis Risk

Management, Inc. (E.D. Va.) ($22 million settlement against CRA Lexis Nexis Risk Management). I have also been lead counsel in numerous other FCRA class cases including class settlement classes recently approved in the Eastern District of Virginia. e.g. Beverly v. Wal-Mart Stores, Inc. ($6.9 million cash settlement approved May 1, 2009). In each of the class cases the Court found me adequate class counsel and in each I was lead or executive committee counsel.

8. I have litigated in excess of 300 federal cases under the Fair Credit Reporting Act, and in excess of 450 federal cases overall. As of the date of this Declaration, I have lost only four federal cases to a dispositive motion.

9. Since the mailing of the Notice, Class Counsel has been inundated with telephone, email, and conventional mail inquiries from Class Members.

10. As of February 1, 2011, my firm has spent a total of 927.4 hours on this case. My firm's total lodestar is $376,845.00. My attorney billing rates are between $300/hr and $450/hr. Because my firm has limited staff and finances, allocation of resources to this case prevented certain funds and personnel efforts from being directed to the prosecution of others.

11. Class Counsel and the named representatives funded all of the litigation and bore their own costs. Class Counsel voluntarily accepted this arrangement, despite the danger that the case would yield no return whatsoever and their investment of money, time, and energy would be lost.

12. As of February 1, 2011, Consumer Litigation Associates has spent a total of $8,998.69 on the expenses of this litigation. Lyngklip and Associates has spent a total of $5,073.70, and Cupp & Cupp has spent a total of $116.21, as reflected in the Declarations

submitted by Messrs. Cupp and Lyngklip. Mr. Domonoske has personally spent a total of $12,360.22 of his own funds. Mr. Rivera has personally spent a total of $350.00 of his own funds.

13. Since the filing of the Class Notice, there have been a total of 38 objections to the settlement.

14. Class counsel have involved multiple attorneys and paralegals at various stages of this litigation in their attempt to push more administrative work to associates and support staff. However, even doing so, there was simply too much work for the small number of admitted attorneys to perform. Accordingly, a modest amount of time is billed within the cross-check. Some is not. For example, they have not billed time incurred by Mr. Erausquin's paralegal as none of it was maintained by timesheets. Each of the law firms involved has a modest number of attorneys employed.

15. While the parties have now settled their differences and Class Counsel does not intend to offer an opinion as to defense strategy in the case, it is clear from the Magistrate's Report and Recommendation that the Defendant has spent at least 3 times as many attorney hours in defending this case as Plaintiffs spent prosecuting it.

16. Fair Credit Reporting Act litigation is a highly specialized and ever-changing area of law within which to practice. Based on my knowledge of case filings and results nationally, a disproportionally small number of federal practitioners file claims based on this statute. The claims in this case are based on even more recent changes to the statute, effectuated by the enactment of FACTA in 2003, and the requirements which formed the basis of this case did not

go into effect until December 2004. To the best of my knowledge, this case is the first case to have been filed alleging a violation of 15 U.S.C. §1681g(g), anywhere in the country.

17.   Since the class notice went out to the millions of class members, Class counsel (and even Plaintiff Domonoske personally) have received multitudes of telephone calls, mail and email contacts from class members who were asking for additional information, seeking to clarify the issues in the case or the extent of the release, obtaining assistance at submitting a claim for recently deceased family members; and/or otherwise asking for the type of help that an attorney provides to a client. Class counsel fielded and fully responded to numerous such communications. Overall, the feedback was overwhelmingly positive.

18.   At some point, Class counsel became aware that there were a certain number of callers to the information hotline who only spoke Spanish and needed some accommodation in order to be further informed about the settlement. Class counsel instructed the Class Administrator (Rust) to quickly create a set of documents in Spanish, as well as a Spanish telephonic information system. Bank of America agreed so long as Defendant was not asked to increase the amount it was required to pay to Rust. Rather than ask the Court for leave to deduct this new expense from the class member net recovery, Class counsel suggested and Defendant agreed that the additional expense would be paid within Class Counsel's attorneys fee cap.

19.   It is my understanding that as of February 1, 2011, approximately 265,879 class members have taken action to file a claim. Only 38 class members have filed objections. (Summary of Objections, filed herewith as Ex. 1). Therefore, the ratio of class members filing claims to those objecting to the settlement is about 7000 to 1. Further, no class member that sought clarification or assistance from Class counsel has subsequently maintained an objection to

the settlement. However, Class counsel has taken each objection seriously, has read each one carefully, and taken each into consideration, conferring regarding the substance and merits of the objection as appropriate to ensure that the settlement complies with the class actions guidelines set forth by the National Association of Consumer Advocates, their ethical obligations as Virginia attorneys, and governing case law.

    I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this _____ day of _____, 2011.


-s-
_____
Leonard A. Bennett