IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| THOMAS D. DOMONOSKE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>Defendant. | Civil Action No. 5:08-cv-00066 |
| VICTOR RIVERA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>Defendant. | Civil Action No. 5:09-CV-00090 |

## DECLARATION OF TIMOTHY E. CUPP

The undersigned, Timothy E. Cupp, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as an attorney of record and officer of the Court, that the following is true and correct:

1. I am over the age of 18 and am competent to make the statements contained in this Declaration. All statements made herein are based on my own personal knowledge.

2. I am one of the plaintiffs' attorneys in this case, along with Ian Lyngklip, Leonard Bennett and Matthew Erausquin. Mr. Lyngklip has been admitted *pro hac vice* as co-counsel in these consolidated cases.

3. I was graduated from the University of Virginia in 1980 with high distinction and from the University of Virginia School of Law in 1983.

4. I am an attorney in good standing admitted to practice before this Court. I am a member of the Virginia State Bar (1983) and am admitted to practice before all state and federal trial and appellate courts in Virginia, and before the United States Court of Appeals for the Fourth Circuit (1984), as well as the United States Supreme Court (1997). I also am a member of the Bar of the State of North Carolina (although currently inactive, having been admitted there in 1985).

5. I maintain my law office in Harrisonburg, Virginia. In addition to my practice before this Court, I have practiced before the United States District Court for the Eastern District of Virginia, many different Circuit Courts throughout the Commonwealth of Virginia and Superior Courts in the State of North Carolina, the Virginia Council on Human Rights, the Equal Employment Opportunity Commission, and have appeared and argued before the United States Court of Appeals for the Fourth Circuit, the Virginia Supreme Court, the North Carolina Court of Appeals and have briefed a case in the North Carolina Supreme Court.

6. I have litigated numerous cases involving various federal statutes, including cases resulting in published opinions. Representative published opinions include: *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294 (4th Cir. 1998); *Benson v. E.I. DuPont de Nemours & Co.*, 182 F.Supp. 2d 527 (W.D. Va. 2002); *Domonoske v. Bank of America, N.A.*, 705 F. Supp. 2d 515 (W.D. Va. 2010); *Pitchford v. Oakwood Mobile Homes, Inc.*, 124 F. Supp. 2d 958 (W.D. Va. 2000); *Reeves Bros. v. United States EPA*, 956 F. Supp. 665 (W.D. Va. 1995). Representative published opinions under various state claims include: *Cave Hill Corp. v. Hiers*, 264 Va. 640, 570 S.E.2d 790 (2002); *Embree Construction Group v. Rafcor, Inc.*, 330 N.C. 487, 411 S.E.2d 916 (1992);

*McGladrey Pullen, LLP, et al. v. Shrader*, 62 Va. Cir. 401 (Rockingham County 2003); *Gonzalez v. CPS, Inc.*, 66 Va. Cir. 43 (Rockingham County 2004).

7. Most of my practice over the last fifteen years has been devoted to working with federal statutory claims, including claims under and analysis of the ADA, FMLA, Title VII of the Civil Rights Act of 1964, ERISA, the WARN Act, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Fair Labor Standards Act and the Age Discrimination in Employment Act (ADEA). I have substantive experience as well in representing consumers in state and federal courts under state and federal consumer protection statutes, including among others, the Truth in Lending Act, Magnuson-Moss Warranty Act, state usury laws, the Virginia Consumer Protection Act and Virginia's Payday Lending Act.

8. I received the Harrisonburg-Rockingham County Bar Association *Pro Bono* Award in 1997. Through my *pro bono* work, I began developing an area of concentration in my practice in consumer litigation to augment my employment law practice.

9. I have written materials in the area of employment law, including on issues involving federal statutes and regulations under the FMLA and the ADA, the Virginians With Disabilities Act, and have lectured in the same substantive areas of law.

10. I am a member of different professional and bar associations, including the Virginia State Bar, the National Employment Lawyers Association, the Virginia Employment Lawyers Association and the Harrisonburg-Rockingham Bar Association.

11. I was recognized for inclusion in the Virginia *Super Lawyers* 2010 magazine in the area of "Employment Litigation: Plaintiff."

12. My practice has included individual and collective private employment matters, and I have represented both employees and management on a wide variety of issues. I also have

litigated cases involving public employees on a variety of issues, including constitutional issues and issues requiring extensive statutory analysis.

13. I currently am co-counsel in three opt-in collective actions currently pending in this Court under the Fair Labor Standards Act seeking recovery of overtime and minimum wages for groups of timeshare salespeople and turnover managers. I have obtained three orders within the last year conditionally certifying collective actions under that statute. I represented a group of 145 opt-in plaintiffs in a state court proceeding under the Fair Labor Standards Act to recover unpaid overtime and minimum wages. That matter resolved following mediation in 2009.

14. I began working on this case on April 24, 2008, and have continued to do so, eventually working with other class counsel. When retained by Thomas Domonoske, I agreed to represent Mr. Domonoske pursuant to a contingent fee agreement.

15. On November 19, 2010, this Court granted preliminary approval of the settlement in this case, certified a settlement class, approved the Notice plan and appointed Timothy E. Cupp, Ian Lyngklip, Leonard Bennett and Matthew Erausquin as Class Counsel. Since that date, we have worked with Rust Consulting, the Claims Administrator, to implement the Notice, disseminate notice and begin settlement and claims administration.

16. The suit by Thomas D. Domonoske was filed in this Court on August 8, 2008 as a class action. Mr. Domonoske's case was consolidated formally with Victor Rivera's suit against Bank of America, which initially had been filed in the Eastern District of Virginia, by order dated October 7, 2009 for the purpose of effecting a global settlement. [Docket No. 72] I was directly involved in obtaining discovery to learn of Bank of America's actions and policies in relation to the credit score disclosures at issue, as well as to address the factors required for class certification under Fed. R. Civ. P. 23. There were a number of discovery disputes with Bank of

America which lead to motions practice before this Court. Ultimately, the class discovery phase of the case concluded with the agreement by Bank of America to the prevalence of the practice at issue which effectively resolved any dispute as to numerosity of the claims and the agreement by Bank of America as to the prevalence of the practice at issue. Based upon the discovery and stipulation, counsel concluded that the case was suitable for class treatment and submitted a contested motion for certification of a class of consumers who had applied for home equity lines of credit. That contested motion was submitted with a request that it be filed under seal based upon the protective order entered by the Court and the nature of some of the materials submitted along with the filing.

17.   The parties also engaged in extensive settlement negotiations, in which I was involved. These arms-length discussions were initially conducted by the parties before an experienced mediator, retired Magistrate Judge Edward J. Infante of JAMS. Those mediation sessions included two in person sessions in San Francisco, along with follow up discussions by phone with the mediator present and extensive discussions between counsel. The initial mediation was held in April 2009 before the *Domonoske* and *Rivera* cases had been consolidated, and on behalf of plaintiffs, was attended by Mr. Domonoske, Ian Lyngklip and myself. Given the substantial progress made at the second mediation in June 2009, the contested motion for class certification was withdrawn and negotiations continued. The issues involved in the negotiations were difficult, and the negotiations were vigorous, challenging and hard-fought. Ultimately, based on the progress made before the mediator, the parties were able to resolve the dispute, subject to court approval, after several months of intense negotiations. Following a status conference in late August 2009, the parties entered into a settlement agreement, and the Motion for Preliminary Approval of the Settlement was filed, to which Bank of America filed a

5

separate document, seeking certification of a settlement class and preliminary approval of the terms of the settlement agreement. The Settlement was amended after this Court's rejection of the provision relating to an injunction/consent order, and the parties subsequently removed that requirement. See Docket No. 102. The parties then sought preliminary approval of the amended Settlement, which the Court granted on November 19, 2010.

18. I have participated in the common benefit work in this class action along with Mr. Bennett, Mr. Erausquin, and Mr. Lyngklip. I previously submitted to the Court a Declaration in response to a request by Magistrate Judge Urbanski outlining my hours as of December 16, 2009. See Docket No. 83, #12 (Exhibit 3), filed on December 18, 2009, and incorporated herein. I subsequently have expended an additional 180.6 hours of time on this case, for a total of 720.7 hours expended through February 2, 2011. All of that time was expended by me with the exception of 2.5 hours expended by my partner, Jenifer Cupp. Mrs. Cupp, a 1984 graduate of the University of Virginia School of Law who has been practicing law for over 26 years, assisted me by attending a hearing on November 18, 2009 due to a scheduling conflict I had with another case.

19. I have maintained contemporaneous time records relating to my work in this case. I reviewed my contemporaneously maintained time records for hours expended in the instant litigation from April 24, 2008 through February 2, 2011. I have expended 718.2 hours on this case, and Mrs. Cupp has expended 2.5 hours, for a total of 720.7 hours.

20. Class Counsel has created broad categories for the time expended in this case in order to accomplish uniformity between billing records of Class Counsel, and for ease of review by the Court. The categories also were formulated to allow the Court to evaluate the time expended in relation to the benefits conferred upon the class in obtaining the Settlement.

21. I prepared my firm's contributions on the summary spreadsheet attached to Leonard Bennett's Declaration filed with this declaration by reviewing my time records and assigning the time expended on each individual billing record to one of the broad categories listed. Many of my time entries could fit more than one broad category, so I chose the most appropriate category based upon my time records and the task at issue.

22. Also, as reflected on the summary spreadsheet, my current hourly rate is $375.00 per hour, which is the market rate for an attorney of my experience, tenure at the bar, and expertise based upon my knowledge of other attorneys' billing rates.

23. Some of the primary common benefit services provided on behalf of the class by me and the other Class Counsel include:

   a. investigating the facts surrounding the litigation and undertaking legal research;

   b. drafting pleadings, motions, memoranda, and proposed pretrial orders;

   c. participating in discovery, including drafting and responding to discovery requests, analyzing documents, and developing plaintiffs' evidence;

   d. monitoring, reviewing and analyzing business developments affecting the defendant;

   e. participating in extended and difficult settlement negotiations, and working on related settlement issues;

   f. drafting documents and declarations supporting the contested class certification motion and the preliminary and final approval of the proposed settlement, including responding to objections; and

   g. drafting Notice documents and Claim Forms and supervising notice and claims process.

24. Cupp & Cupp, P.C. also has incurred costs and expenses of the litigation. All of the costs and expenses incurred by Cupp & Cupp, P.C. which have been billed to date have been paid by Mr. Domonoske. There are some additional expenses which have not yet been billed in the amount of $116.21. Other costs and expenses of the litigation were paid directly by Mr. Domonoske, or were advanced by co-counsel, and were not advanced by my firm. My firm's litigation expenses and advances already paid by Mr. Domonoske in the amount of $1,859.18, are reflected on the invoices or records attached as Exhibit B to my declaration filed at Docket No. 83, Exhibit 3. The total costs and expenses my firm incurred in the litigation, then, equal 1,975.39, of which $1,859.18 is to be reimbursed to Mr. Domonoske.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed at Harrisonburg, Virginia.

_____
Timothy E. Cupp

Executed this 7th day of February, 2011.