IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

**THOMAS D. DOMONOSKE,**
**individually and on behalf of all those similarly situated,**
  **Plaintiff,**

**v.**

                **Civil Action No.  5:08-cv-00066**

**BANK OF AMERICA, N.A.,**
**a national banking association,**
  **Defendant.**

---

**VICTOR RIVERA,**
**individually and on behalf of all those similarly situated,**
  **Plaintiff,**

**v.**

                **Civil Action No. 5:09-CV-00090**

**BANK OF AMERICA, N.A.,**
**a national banking association,**
  **Defendant.**

## SUPPLEMENTAL BRIEF IN SUPPORT OF FINAL APPROVAL
## AND RESPONSE TO LATER OBJECTIONS

  Since filing their request for final approval of the settlement and fees, Class Counsel has received several additional objections.  This supplemental filing addresses those limited objections offered after the date the parties' primary briefing was due and filed.

  Generally, the most recent objections were similar to those already addressed in earlier briefing.  Not one objection has suggested a substantive challenge to the merits or overall fairness of the proposed settlement beyond those several complaints that it did not yield enough money for the class.  Instead, the recent objections – in particular that of California attorney

James M. Vallee (Docket No. 143)[1] – challenge the Class Counsel's petition for attorneys fees and costs.

Meaningful objections can serve an important purpose in the class action settlement approval process. The unfortunately all too common behavior of unprincipled advocates urging a coupon settlement, an overbroad release or an attorneys' fee award detached from the actual cash value of the settlement not only justify objections, but lead to judicial or public perceptions that all class litigants, and all class settlements with large fee awards, are suspect. This – in the present case mistaken – impression is certainly the foundation of a number of the *pro se* objections *sub judice*. Objectors may "add value to the class-action settlement process by: (1) transforming the fairness hearing into a truly adversarial proceeding; (2) supplying the Court with both precedent and argument to gauge the reasonableness of the settlement and lead counsel's fee request; and (3) preventing collusion between lead plaintiff and defendants." *In re Cardinal Health, Inc. Sec. Litig.*, 550 F.Supp.2d 751, 753 (S.D. Ohio 2008). Consequently, courts welcome the participation of legitimate objections in class settlements. *Mirfasihi v. Fleet Mortg., Corp.*, 551 F.3d 682, 687 (7th Cir.2008) (citing *Reynolds v. Beneficial National Bank*,

---

[1] James M. Vallee filed this objection *pro se*. Subsequently, Class Counsel received notice of representation from Mr. Darrell Palmer (Exhibit A), a professional objector who has objected in a large number of class cases. See e.g. *In re Mercury Interactive Corp. Securities Litigation*, 2011 WL 826797 (N.D.Cal.,2011); *In Re Micron Technology, Inc. Securities Litigation,* Case No. 1:06-cv-00085-S-WFD (D. ID); *In re Enron Corporation Securities Litigation*, Case H-01-3624 (SD TX, Houston Division); *In re Countrywide Financial Corp. Customer Data Security Breach Litigation,* 3:08-md-01998-TBR (WD KY, Central Division); A*rthur v. SLM Corporation*, Case 2:10-cv-00198-JLR (D.WA); *In re Currency Conversion Fee Antitrust Litigation*, MDL Case No 1409 (SD NY). Based upon the similarity of the objections in this case to those in some of Mr. Palmer's other objection cases and the proximity of their respective law offices (see the addresses on Exhibits A and B), it appears that Mr. Palmer may have "ghost written" Mr. Vallee's objections. Despite indicating an intention to enter an appearance in this case, Mr. Palmer has not filed a motion to appear *pro hac vice* and has not notified Class Counsel that he has retained Virginia counsel to assist him.

288 F.3d 277, 288 (7th Cir.2002)).  Through this participation, helpful objectors can serve a valuable and important role in preventing unfavorable settlements.  *In re MetLife Demutualization Litigation*, 689 F.Supp.2d 297 (E.D.N.Y.,2010) (citing *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir.1974)).

At the same time, courts also recognize that professional and unhelpful objections have become part of the overall landscape in class action litigation.  *See* generally, *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682 (7th Cir. 2008).  Where objections simply recycle arguments and information already before the court, objectors provide no benefit to the class.  *In re Currency Conversion Fee Antitrust Litigation*, 263 F.R.D. 110 (S.D.N.Y. 2009); *In re Excess Value Ins. Coverage Litig.*, 598 F.Supp.2d 380, 393 (S.D.N.Y.2005) ("Fundamentally, the Court needed little or no assistance from the Objectors in determining that Class Counsel's fee application should be ... tailored to the actual benefit received by the Class."); *In re Anchor Secs. Litig.*, No. 88 Civ. 3024(CPS), 1991 WL 53651 (E.D.N.Y. Apr.8, 1991) (denying fees to objectors' counsel because they "did not assist [the court] in framing the issues for the settlement ... 'enhance' or 'improve' the recovery itself or its structure, or 'affect[ ] the outcome as to fees'").

The Parties and the Court would ordinarily expect both varieties of objections during the final approval of any settlement with as much money at stake and with so many class members as in this case.  The Parties and the Court discussed briefly at the most recent status conference the possibility that professional objection might be expected in light of the large numbers of notifications sent out in this case.   Because this case required the issuance of more than 2,000,0000 notices, the Court might reasonably expect that any number of attorneys might act to uncover any serious infirmities with the settlement agreement.  However, the number of professional objectors (just one) in this case of over 2,000,000 class members is remarkable.

And that single attorney objector challenges only the attorneys' fee award, not the overall value of the settlement, the scope of release, the form of notice, conflicts of interest, or the procedure for tendering claims.[2]  This itself is confirmation that the settlement is fair and adequate.  The absence of any such objections under these circumstances reveals the fully successful nature of this resolution as to its substance and the procedure for implementation.

On its face, the settlement agreement and Class Counsel's attorneys' fee petition present no extraordinary circumstances for the Court to deviate from the standard practice, approved by the Supreme Court in *Blum v. Stenson*, 465 U.S. 886 (1984), of awarding a percentage recovery of this "common fund" settlement, which the Court has already approved preliminarily as facially reasonable.[3]  However, Objector Vallee suggests that the Court reject any percentage fee

---

[2] Notwithstanding the significant experience of Mr. Vallee's attorney, Mr. Palmer, in tendering objections to the actual substance of class settlements, he has raised no such objections here.  Rather, his sole objection relates to the amount of fees to be awarded to Class Counsel.  And as to these concerns, Mr. Vallee has elected to recycle almost exactly the early articulation of concerns of Magistrate Judge Urbanski expressed in his report and recommendation. Compare R. 85 at pp 11-15 to R. 143 at 2.  Compare also, R. 85 at 35-41 to R. 143 at 3-5.

[3] The countervailing policy considerations supporting "common fund" vs. pure lodestar fee methods have been amply addressed by courts considering the issue. In the Fourth Circuit, attorneys' fees in common fund cases such as this one are generally awarded on a percentage-of-the-recovery basis. *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007); *see DeLoach v. Philip Morris Cos.*, No. 00-1235, 2003 WL 23094907, at *3 (M.D.N.C. Dec. 19, 2003) (citing, with approval for this same proposition, *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 215 (D. Me. 2003)); *see also Strang v. JHM Mortg. Sec. Ltd. P'ship*, 890 F. Supp. 499, 502 (E.D. Va. 1995) ("Although the Fourth Circuit has not yet ruled on this issue, the current trend among the courts of appeal favors the use of a percentage method to calculate an award of attorneys' fees in common fund cases.").

See also *In re Thirteen Appeals Arising Out Of The San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir.1995); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47-48 (2d Cir.2000); *In re Cendant Corp. Litigation,* 264 F.3d 201, (3rd Cir. 2001); *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir.1993); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir.1991); *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 244-46 (8th Cir.1996); *McDaniel v. County of Schenectady,* 595 F.3d 411 (2nd Cir. 2010); *Staton v.*

recovery. While Mr. Vallee urges the Court to adopt a lodestar method for determining the fee award, the balance of his objection argues in favor of what is properly characterized as a modified *quantum meruit* fee. He urges the Court to engage in a detailed inquiry into the specific hours expended in the litigation, and make a determination of which hours benefitted the class and which did not. Then, Mr. Vallee proposes that the Court award fees only for the time that the Court determines was "aimed at truly benefiting [sic] the class." [R. 143 p. 10]. This characterization does not comport with either the majority view "percentage of fund" fee award sought by Class Counsel, or the alternate "lodestar" method that instead would require that the Court to calculate the presumptively correct fee by multiplying the reasonable time expended by the reasonable hourly rate applicable.

Objector Vallee offers no support for a "true benefit" approach as applied to Class Counsel in this case. The "true benefit" standard, rather, is most often applied to objectors and their attorneys. See *Mirfasihi v. Fleet Mortgage Corp.*, 551 F.3d 682, 687 (7th Cir.2008), *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir.2002); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir.2002); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir.1999).

One of the additional concerns expressed in some of the recent *pro se* objections was the suggestion that the recovery in this case was too small and rendered a limited benefit to the class members. Contrary to this assertion, the recovery in this case stands as one of the larger recoveries in a FCRA class case. The Magistrate Judge acknowledged this success in the report

---

*Boeing Co.*, 327 F.3d 938, 968 (9th Cir.2003); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir.1988); *Camden I Condo. Ass'n. v. Dunkle*, 946 F.2d 768, 774 (11th Cir.1991); *Swedish Hosp. Corp. v. Shalala,* 1 F.3d 1261, 1267-1268 (C.A.D.C.1993).

and recommendation [R. 85 at 33].  In that ruling, the court reviewed the numerous obstacles to a recovery, and suggested that the result in this case in that context was fair and adequate.  None of the objections attempt to argue that the individual recovery amounts ultimately provided were in some way inappropriate to the specific violations and the likely outcome of the case.  Simply put, none of these objections attempts to compare the actual recovery in relation to the available remedies given the evidence of record in this case. Instead, the objections conclude without analysis that the amount is simply small.   These types of objections are neither specific nor helpful.

Finally, at least one of the recent objections claims that there was little risk of recovery due to the low standards of proof required to prove a violation.  This form of armchair-quarter-backing falls within this Circuit's prohibitions on using hindsight to measure risk.  *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 248 (4th Cir. 2010) (Wilkinson, J.).

Ultimately, the Court must consider the risks of non-payment at each point throughout the litigation, not just at one point in time or with respect to liability only.  *In re Diet Drugs*, 582 F.3d 524, 543 (3rd Cir. 2009).  The Courts should resist the temptation to view the risks associated with litigation through the lens of hindsight, which makes successful litigation appear less risky than it did at the outset.  *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 248 (4th Cir. 2010) (Wilkinson, J.).

In this case, the risk of non-payment was significant from the outset of the case and persisted throughout its ultimate resolution.  In spite of the fact that over 2 million people could have raised the claim at the time of the filing, there were no cases on record that were disclosed.  Moreover, as of the time that the parties resolved the case, no competing classes had been filed.  While the case ultimately garnered a settlement valued at nearly $11.5 million, these potential

dollars did not constitute sufficient incentive to motivate any other skilled class attorneys to file. The absence of any competing suits speaks volumes, and the reasons behind this paucity of competing suits are the same reasons why this case posed substantial risks. The Magistrate Judge's report and recommendation amply reflects these risks in his analysis of the arguments against certification.  In retrospect, the result of every successful case appears to be a foregone conclusion. However, the analysis does not test the hindsight vision of parties and the court, but rather the risk inherent in the project. In sum, the result in this case, and payment were never foregone conclusions.

## Conclusion

For the reasons set forth above, Class Counsel requests that the Court overrule all objections to the proposed settlement and grant the relief requested in the Plaintiffs' motions for final approval and attorneys' fees.

Respectfully Submitted
THOMAS DOMONOSKE and VICTOR RIVERA,
By: Counsel

s/ Timothy Earl Cupp
Timothy Earl Cupp (VSB #23017)
Cupp & Cupp, P.C.
PO Box 589
Harrisonburg, VA 22801
Telephone:   (540) 432-9988
Facsimile:    (540) 432-9557
cupplaw@comcast.net

s/ by consent Ian B. Lyngklip
Ian B. Lyngklip P47173
24500 Northwestern Highway, Ste. 206
Southfield, Ian B. Lyngklip 48075
Telephone:    (248) 208-8864
Facsimile:     (248)208-9073
IanLyngklip@Att.Net

s/ by consent, Leonard A. Bennett
Leonard A. Bennett (VSB # 37523)
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone:   (757) 930-3660
Facsimile:    (757) 930-3662

s/ by consent, Matthew J. Erausquin
Matthew J. Erausquin (VSB # 65434)
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia  22314
Telephone:   (703) 273-7770
Facsimile:    (888) 892-3512

lenbennett@clalegal.com                              matt@clalegal.com

*Class Counsel*

### Certificate of Service

I hereby certify that on March 21, 2011, I electronically filed the foregoing Supplemental Memorandum with the Clerk of the Court which will transmit same through the CM/ECF system on the following parties:

| Party | Manner Served |
|---|---|
| John Trocki<br>Morrison & Foerster LLP<br>Attorney For Bank of America, N.A.<br>1650 Tysons Blvd., Suite 300<br>Maclean, VA  22102<br>PHONE: (703) 760-7720 FAX: | Electronically via the CM/ECF System |
| Michael Agoglia<br>Morrison & Foerster LLP<br>Attorney For Bank of America, N.A.<br>425 Market Street<br>San Francisco, CA  94105-2482<br>PHONE: (415) 268-7000 FAX: (415) 268-7522 | Electronically via the CM/ECF System |
| R. Grant Decker<br>J. Douglas Cuthbertson<br>MILES & STOCKBRIDGE P.C.<br>1751 Pinnacle Drive, Suite 500<br>McLean, VA 22102 | Electronically via the CM/ECF System |

Respectfully Submitted,

s/ Timothy Earl Cupp